*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A16-0033**

Mark Larsson,
Relator,

vs.

Department of Employment and Economic Development,
Respondent.

**Filed August 15, 2016**
**Affirmed**
**Schellhas, Judge**

Department of Employment and Economic Development
File No. 33940218-3

Mark Larsson, Eden Prairie, Minnesota (pro se relator)

Lee B. Nelson, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent)

Considered and decided by Schellhas, Presiding Judge; Reyes, Judge; and Muehlberg, Judge.[*]

---

[*] Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

**UNPUBLISHED OPINION**

**SCHELLHAS**, Judge

Relator challenges the decision of an unemployment-law judge that he did not show good cause for failing to timely request payment of unemployment benefits for a week during which he was on an unpaid leave of absence from his employment. We affirm.

**FACTS**

Relator Mark Larsson is employed by Eaton Hydraulics as a product engineering specialist. During the second and third quarters of 2015, Eaton required employees to take one-week, unpaid leaves of absence. Larsson took his second-quarter leave of absence during the week of June 21–27. He reviewed a pamphlet issued by respondent Minnesota Department of Employment and Economic Development (DEED) that listed five steps to applying for unemployment benefits. The pamphlet also reminded an applicant to "[r]equest a benefit payment every week until you return to work full-time" and included the following information under the heading "Frequently Asked Questions":

> To receive benefit payments, do I need to do anything besides apply?
>
> Yes. You must make a request for benefit payment every week—online or by phone. When you make your weekly benefit payment request, you are asked to report any income, if you are available to accept work, and if you are looking for work.
>
> If I am eligible, when should I receive my first payment?
>
> The earliest you could receive a payment is about three weeks after you apply. The law requires that everyone first has a nonpayable week. This is the first week you have requested

2

a benefit payment and would be eligible for a payment. The nonpayable week is never paid.

Larsson applied for unemployment benefits on June 22, 2015. Shortly thereafter, he received a DEED handbook containing information about unemployment benefits. The handbook stated:

> The first week you are eligible for unemployment benefits is your *nonpayable week*. Everyone must have a nonpayable week before any benefits can be paid. For a week to qualify as your nonpayable week, you must:
>
> - Submit an application for benefits; and
> - Submit a timely Request for Benefit Payment; and
> - Be eligible for benefits for the week.
>
> There is just one nonpayable week in the 52 weeks after you apply. If you are unemployed again within one year of your account date, you *will not* have another nonpayable week.

Larsson did not timely request a benefit payment for the week of June 21–27.

Larsson took his third-quarter leave of absence during the week of September 13–19, 2015. He requested a benefit payment for that week and was informed that the week would be considered his nonpayable week. He then requested a benefit payment for the week of June 21–27, and DEED informed him that his request was untimely.

Larsson filed an appeal. Following an evidentiary hearing, an unemployment-law judge (ULJ) determined that Larsson did not have good cause for failing to timely request a benefit payment for the week of June 21–27, 2015. The ULJ affirmed that determination after Larsson requested reconsideration.

This certiorari appeal follows.

3

**D E C I S I O N**

"In unemployment benefit cases, the appellate court is to review the ULJ's factual findings in the light most favorable to the decision and should not disturb those findings as long as there is evidence in the record that reasonably tends to sustain them." *Stagg v. Vintage Place Inc.*, 796 N.W.2d 312, 315 (Minn. 2011) (quotation omitted). "Whether a claimant is properly disqualified from the receipt of unemployment benefits is a question of law, which this court reviews de novo." *Hayes v. K-Mart Corp.*, 665 N.W.2d 550, 552 (Minn. App. 2003), *review denied* (Minn. Sept. 24, 2003).

"An applicant may be eligible to receive unemployment benefits for any week if," inter alia, "the applicant has filed a continued request for unemployment benefits for that week" and "has served a nonpayable period of one week that the applicant is otherwise entitled to some amount of unemployment benefits." Minn. Stat. § 268.085, subd. 1 (2014). "A continued request for unemployment benefits is a certification by an applicant, done on a weekly basis, that the applicant is unemployed and meets the ongoing eligibility requirements for unemployment benefits under section 268.085." Minn. Stat. § 268.0865, subd. 1 (2014).

A continued request for benefits filed electronically or by mail "must be accepted" if filed "within three calendar weeks following the week for which payment is requested." *Id.*, subds. 3(c), 4(b) (2014). If the request for benefits is not timely filed, the request "will not be accepted and the applicant is ineligible for unemployment benefits for the period covered by the continued request, unless the applicant shows good cause for failing to file . . . within the time period required." *Id.*, subd. 3(c) (addressing request filed electronically);

4

*see also id.*, subd. 4(b) (containing nearly identical language for request filed by mail). "'Good cause' for purposes of this section is a compelling substantial reason that would have prevented a reasonable person acting with due diligence from filing a continued request for unemployment benefits within the time periods required." *Id.*, subd. 5(a) (2014).

Larsson offers two reasons for failing to timely request a benefit payment for the week of June 21–27, 2015. He asserts that the DEED pamphlet provided "conflicting and inconsistent" information by enumerating five steps to applying for unemployment benefits without listing a sixth step of requesting a benefit payment. And he asserts that DEED should have reminded him, "within the three-week window," to request a benefit payment for the week of June 21–27.

But Larsson has admitted to receiving the DEED pamphlet and handbook. Those documents notify an applicant that he must apply for unemployment benefits and must request a benefit payment for every week, including the nonpayable week. Larsson acknowledged during the evidentiary hearing that he "did not read through the whole handbook." A reasonable person acting with due diligence in seeking government benefits would have read the informational material provided by the government.

Larsson also argues that only he can know whether he acted with due diligence. Good cause for failing to timely request a benefit payment is determined using a "reasonable person" standard. *Id.* This is an objective standard. *Cf. Werner v. Med. Prof'ls LLC*, 782 N.W.2d 840, 843 (Minn. App. 2010) (stating that standard of "good reason . . . that would compel an average, reasonable worker to quit" employment is objective standard (quotation omitted)), *review denied* (Minn. Aug. 10, 2010).

5

Larsson contends that denial of unemployment benefits is contrary to the purpose of the benefits to provide assistance to the unemployed. *See* Minn. Stat. § 268.03, subd. 1 (2014) (stating that purpose of Minnesota's unemployment insurance program is to "provid[e] workers who are unemployed through no fault of their own a temporary partial wage replacement to assist the unemployed worker to become reemployed"). But an applicant must meet all of the eligibility requirements to receive unemployment benefits, and two of those eligibility requirements are that the applicant has filed a continued request for unemployment benefits pursuant to statute and has served a nonpayable week. Minn. Stat. §§ 268.069, subd. 1, .085, subd. 1 (2014). "There is no presumption of entitlement or nonentitlement to unemployment benefits" or "equitable or common law denial or allowance of unemployment benefits." Minn. Stat. § 268.069, subds. 2, 3 (2014); *see Irvine v. St. John's Lutheran Church of Mound*, 779 N.W.2d 101, 105 (Minn. App. 2010) ("There is no equitable or common law denial or allowance of unemployment benefits." (quotation omitted)).

Larsson claims that ULJs, as DEED employees, have a conflict of interest in presiding over unemployment-benefit hearings. ULJs must be DEED employees. Minn. Stat. § 268.105, subd. 1b(a) (2014). But DEED employees' wages are not paid out of the fund established for the payment of unemployment benefits. *See* Minn. Stat. § 268.194, subd. 1 (2014) (establishing "as a special state trust fund, separate and apart from all other public money or funds of this state, an unemployment insurance trust fund, that is administered by the commissioner [of employment and economic development] exclusively for the payment of unemployment benefits"). Larsson simply asserts a conflict

of interest without supplying any evidence to support his assertion. *Cf. Schweiker v. McClure*, 456 U.S. 188, 195–96, 102 S. Ct. 1665, 1670 (1982) (stating that courts start with presumption that hearing officer serving in quasi-judicial capacity is unbiased, and placing burden of rebutting presumption on party asserting conflict of interest).

We conclude that the ULJ did not err by finding that Larsson has not shown good cause for failing to timely request a benefit payment for the week of June 21–27, 2015. Larsson requests that we also address the situations of other Eaton employees who were denied unemployment benefits for their third-quarter leaves of absence. Those employees are not parties to this action, and we therefore have no legal authority to consider Larrson's request. *See generally* Minn. Stat. § 268.105 (2014) (providing process for appeal of ineligibility determination).

**Affirmed.**